# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES A. NICHOLS,

    Plaintiff,

v.

MANDIE BAGWELL, R. PASS, and CALEB MEYERS,

    Defendants.

Case No. 3:17-cv-01263-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    Plaintiff James A. Nichols, a prisoner proceeding *pro se*, comes before the Court to object to Magistrate Judge Wilkerson's denial of Nichols's motion to recruit counsel. (Doc. 12.) Magistrate Judge Wilkerson denied the motion for three reasons: (1) Nichols had not provided proof that he had contacted at least three attorneys on his own accord; (2) Nichols appears competent to litigate this matter on his own at this time; and (3) Nichols's motion was premature because the defendants have not yet been served, there is no scheduling order, and the question of the exhaustion of administrative remedies is still outstanding. (*See* Doc. 10.) Nichols objects, and explains to the Court that despite having his GED, he does not understand the legal terms and language used in the order. He says that he needs at attorney to fully understand what is going on. He also claims that other inmates are trying to charge him money to help him understand what is going on.

    While the Court sympathizes with Nichols's objection, it cannot grant his motion for counsel at this time. Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely

no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis. Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

The Court has reviewed Magistrate Judge Wilkerson's order and the record in this case *de novo* and finds that he was correct to deny Nichols's motion at this stage in the litigation, for all of the reasons described in the order. The Court **ADVISES** Nichols, however, that Magistrate Judge Wilkerson's order does not mean that Nichols is forbidden from ever having an appointed attorney in this case. If the circumstances in this case change in the manner that Magistrate Judge Wilkerson has explained, then there remains the possibility that the Court could appoint Nichols counsel at a later date.

Accordingly, the Court **DENIES** Nichols's motion. (Doc. 12.) Because the Court has addressed the rest of Nichols's objections in that motion through a separate order, the Clerk of Court is now **DIRECTED** to terminate the motion.

**IT IS SO ORDERED.**

**DATED: FEBRUARY 21, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
